CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 05 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. ACTION NO. 3:04CR00085 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOHN RAY EVANS, | ) | |
| | ) | |
| Defendant. | ) | JUDGE NORMAN K. MOON |

On March 10, 2005, a jury convicted the defendant of two counts of distribution of cocaine base. His sentencing hearing is scheduled for June 23, 2005. Before the court are the following post-trial motions filed by the defendant *pro se*: (1) a "Motion to Arrest Judgement and Dismiss Indictment with Prejudice," filed March 15, 2005 (docket #58); (2) a "Motion to not Allow anyone to file any Motions or other Paperwork on behalf of the Defendant," filed on March 17, 2005 (docket #60); (3) a "Motion for a Judgment of Acquittal," filed on March 17, 2005 (docket #61); (4) a "Motion to Dismiss the Verdict and Indictment with prejudice pursuant to Title 28, Part V, Chapter 121, § 1867," filed on March 17, 2005 (docket #62); and (5) a "Motion to Dismiss the Indictment with prejudice pursuant to Title 28, Part V, Chapter 121, § 1867," filed on March 17, 2005 (docket #63). On April 8, 2005, the United States filed a response to the defendant's last four motions (docket #'s 60-63), and on April 21, 2005, the United States filed a sealed response to the defendant's first motion (docket # 58), along with a motion to seal. For the reasons set forth below, the court denies all of the defendants' motions, which the court will address in order. The court also denies the government's motion to seal.

*"Motion to Arrest Judgement and Dismiss Indictment with Prejudice" (docket #58)*

The defendant moves to set aside the guilty verdict by attacking his grand jury indictment on five grounds: (1) fewer than 16 grand jurors were present; (2) fewer than twelve grand jurors voted in favor of the indictment; (3) there is no foreperson signature on the indictment; (4) the grand jury did not report its findings to a judge or magistrate in open court; and (5) the grand jury sitting was invalid. The court has reviewed the records of the grand jury proceedings in this case. On November 3, 2004, a grand jury sitting in Charlottesville returned an indictment of the defendant to United States Magistrate Judge B. Waugh Crigler in open court. The grand jury had at least sixteen members present, as required by Rule 6(a) of the Federal Rules of Criminal Procedure, and at least twelve members concurred in the indictment, as required by Rule 6(f). As the defendant should know, the indictment bears the signature of the grand jury foreman. The defendant's final claim – that the grand jury sitting was invalid – is deficient because it is too vague. The defendant has not presented any evidence or any valid claim that the grand jury proceedings were invalid in any way.

The defendant's motion purports to be pursuant to Rule 34 of the Federal Rules of Criminal Procedure. Rule 34 provides that a court shall arrest judgment if the indictment does not charge an offense or the court does not have jurisdiction. The defendant's claims, however, pertain to the grand jury proceedings, rather than to jurisdiction or the question whether the indictment charges an offense. The defendant does not present any arguments or evidence relating to the requirements of Rule 34.

The government submitted a response to this motion, along with a motion to seal its

response. The government's response contains only one item that could be construed as revealing information subject to the grand jury secrecy requirement of Rule 6(e): the government's representation that at least sixteen grand jurors were present when the evidence was presented to the grand jury. The secrecy requirement applies to anything that might tend to reveal what happened in the grand jury room. 1 Charles Alan Wright, Federal Practice and Procedure § 106, at 381 (3d ed. 1999). That sixteen or more grand jurors were present is easily surmised from the fact that the indictment was signed by the foreman and accepted by the court. When an indictment is returned and accepted, it is presumed that the grand jury proceedings complied with Rule 6. Consequently, the mere assertion that at least sixteen grand jurors were present, as required by Rule 6(a), is no secret. Therefore, the court will deny the government's motion to seal its response and direct the Clerk of the Court to file the government's response unsealed.

*"Motion to not Allow anyone to file any Motions or other Paperwork on behalf of the Defendant" (docket #60)*

The defendant asks the court not to allow any other person to file any motions or other paperwork on behalf of the defendant. He also asks that anything already filed on his behalf be stricken from the record. Finally, he asks that he be present at any motions hearing or other proceeding in this case from now until its final disposition. The government takes no position on these requests.

The defendant chose to represent himself at trial, as was his right, although he did ask his stand-by counsel, David Heilberg, to present his closing argument. The defendant's waiver of

3

his right to counsel was knowing, intelligent, and voluntary, and the court will respect it. Therefore, the court will not allow any further filings on behalf of the defendant by any person other than the defendant without leave of the court or the permission of the defendant. The court, however, will ask Mr. Heilberg to remain as stand-by counsel should the defendant again decide that he would like the advice of counsel. Mr. Heilberg has filed one motion since the trial, an "Objection to Sentencing Enhancement Based on Government Notice and Motion to Quash," filed on March 14, 2005. Since this motion pertains to sentencing, the court will take it under advisement until the sentencing hearing is held. No other documents have been filed on the defendant's behalf since the trial. Finally, the defendant, as is his right, may attend any proceeding in this case from now until its final disposition.

*"Motion for a Judgment of Acquittal (docket #61)"*

The defendant moves the court to enter a judgment of acquittal, claiming that the evidence was insufficient to justify the jury's guilty verdict. The government disagrees, arguing that the evidence was more than sufficient. At the defendant's trial, the government presented evidence that the defendant sold cocaine to a confidential information on December 11, 2003, and again on February 3, 2004. The court finds that the evidence presented was clearly sufficient to justify a conclusion that the government proved every element of the charged offenses beyond a reasonable doubt.

*"Motion to Dismiss the Verdict and Indictment with prejudice pursuant to Title 28, Part V, Chapter 121, § 1867"* (docket #62)

In this motion, the defendant claims that: (1) the jury was invalid; (2) one or more of the

4

jurors was not qualified; and (3) the voir dire examination should have been given individually to each juror. Because the defendant addresses the grand jury in other motions, the court assumes that this motion targets alleged flaws in the selection of the petit (or trial) jury.

The Jury Selection and Service Act provides that all litigants have a right to randomly selected grand and petit juries, and that no citizen may be excluded from jury service on the basis of race, color, religion, sex, national origin, or economic status. 28 U.S.C. §§ 1861-62. In criminal cases, a defendant may move to dismiss the indictment or stay the proceedings on the ground of substantial failure to comply with the Act. *Id.* at § 1867(a). The defendant, however, must submit his motion before the voir dire examination begins or within seven days after he discovered or, in the exercise of diligence, could have discovered the violation, whichever is earlier. *Id.*; *United States v. Webster*, 639 F.2d 174, 180 (4th Cir. 1981). In other words, the defendant may not, under any circumstances, present such a motion after the voir dire. *See United States v. Kennedy*, 548 F.2d 608, 613 (5th Cir. 1977); *United States v. Grose*, 525 F.2d 1115, 1118 (7th Cir. 1975). The motion must also include a sworn statement of facts which, if true, would establish a substantial failure to comply with the Act. *Id.* at § 1867(d).

Here, the defendant's motion pursuant to § 1867 was not filed until five days after the voir dire, and it is therefore untimely. While the motion includes a sworn affidavit from the defendant, it is merely perfunctory: "I John Ray Evans acting pro se swear to the Motion to Dismiss." The defendant presents no evidence to support his vague assertions that the jury was invalid and that one or more jurors was not qualified, or that the Jury Selection and Service Act was otherwise violated. The defendant states that he would like the proceedings stayed while

he investigates these claims, but his request is untimely, and he has not even articulated any specific allegations which, if true, would justify such a stay.

Finally, the defendant cites no authority for the proposition that a voir dire examination must be given individually to each member of the jury pool, and the court is not aware of any such authority. When the court conducted the voir dire examination of the prospective jurors, it asked the defendant if he had any questions that he wanted the court to pose to the jury pool. The defendant declined that opportunity.

*"Motion to Dismiss the Indictment with prejudice pursuant to Title 28, Part V, Chapter 121, § 1867"* (docket #63)

This motion claims that: (1) the grand jury was invalid; (2) one or more of the grand jurors was not qualified; and (3) the voir dire examination was not "given individually to assistant [sic] the qualification of each Grand Juror." Like his previous § 1867 motion (docket #62), this motion is likewise untimely, because it was not presented before the voir dire. In addition, the defendant again presents no evidence or argument in support of his general assertions that the grand jury was invalid and that one or more grand jurors was unqualified. Finally, the third claim is deficient because there is no voir dire examination of grand jurors. Voir dire is only conducted for prospective petit jurors.

The defendant also moves the court to produce or make available any relevant non-public records used by the jury commissioner or the Clerk of the Court, and "any other relevant evidence," pursuant to 28 U.S.C. § 1867(d). That section provides that, upon submitting a motion under § 1867(a) challenging the jury selection process, a party is entitled to present any

6

relevant records and non-public papers used by the Clerk, and "any other relevant evidence." In addition, § 1867(f) provides that, while a party is preparing a motion under § 1867(a), or during the pendency of such a motion, the parties are permitted to inspect and copy the records or papers used by the Clerk in connection with the jury selection process. This provision provides a defendant with an essentially unqualified right to inspect, reproduce, and copy jury lists. *Test v. United States*, 420 U.S. 28, 30 (1975); *United States v. Curry*, 993 F.2d 43, 44 (4th Cir. 1993). A defendant is provided this right, however, so that he can prepare a motion challenging the jury selection process. 28 U.S.C. § 1867(f); *Test*, 420 U.S. at 30. Once the voir dire is conducted, any such motion becomes barred, and the right to inspect the court's jury lists evaporates. Thus, the defendant here is not entitled to inspect the documents used by the Clerk in connection with either the grand jury or petit jury selection process.

It is accordingly this day

ADJUDGED, ORDERED, AND DECREED

as follows:

1. The defendant's "Motion to Arrest Judgement and Dismiss Indictment with Prejudice" (docket #58), filed March 15, 2005, is hereby DENIED.

2. The defendant's "Motion to not Allow anyone to file any Motions or other Paperwork on behalf of the Defendant" (docket #60), filed on March 17, 2005, is GRANTED in part and DENIED in part, as explained above. No person, other than the defendant, shall be permitted to file any papers on behalf of the defendant without leave of the court or the permission of the defendant. The defendant shall be permitted to attend all proceedings

7

in this case from now until final disposition. The court will take under advisement until sentencing the "Objection to Sentencing Enhancement Based on Government Notice and Motion to Quash," filed by the defendant's stand-by counsel on March 14, 2005.

3. The defendant's "Motion for a Judgment of Acquittal" (docket #61), filed on March 17, 2005, is hereby DENIED.

4. The defendant's "Motion to Dismiss the Verdict and Indictment with prejudice pursuant to Title 28, Part V, Chapter 121, § 1867" (docket #62), filed on March 17, 2005, is hereby DENIED.

5. The defendant's "Motion to Dismiss the Indictment with prejudice pursuant to Title 28, Part V, Chapter 121, § 1867" (docket #63), filed on March 17, 2005, is hereby DENIED.

6. The government's "Motion to Seal Government's Response to Defendant's Motion to Arrest Judgment and Dismiss Indictment with Prejudice," filed April 21, 2005, is hereby DENIED. The Clerk of the Court is directed to file the government's response unsealed.

The Clerk of the Court hereby is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: May 4, 2005

8